United States District Court
Southern District of Texas

**ENTERED**
May 03, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROMARCUS DEON MARSHALL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-44 |
| | § | |
| RAFAEL  MENCHACA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

This civil rights action was filed by Plaintiff Romarcus Deon Marshall, a Texas state prisoner, pursuant to 42 U.S.C. § 1983.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper.  *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that: (1) Plaintiff's due process and First Amendment claims be dismissed with prejudice for failure to state a

claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); (2)

Defendant Texas Department of Criminal Justice (TDCJ) be dismissed without prejudice;

and (3) the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.   JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to

28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for

case management and making recommendations on dispositive matters pursuant to 28

U.S.C. § 636.

## II.   BACKGROUND AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal

Institutions Division.   Plaintiff's allegations in this case arise in connection with his

current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff filed his original complaint on February 12, 2018, naming McConnell

Unit Property Officer Rafael Menchaca and the TDCJ as defendants.  (D.E. 1, pp. 3, 7).

The undersigned construed Plaintiff's original complaint as suing Officer Menchaca in

his individual and official capacity.  Plaintiff claimed that certain personal property was

improperly taken from him and destroyed, in violation of his due process rights.  Plaintiff

sought injunctive and monetary relief.

On March 30, 2018, the undersigned issued a Memorandum and Recommendation

(M&R), recommending that (1) Plaintiff's due process claim against the TDCJ be

dismissed with prejudice for failure to state a claim; (2) Plaintiff's due process claim for

money damages against Officer Menchaca in his official capacity be dismissed with

2 / 15

prejudice as barred by the Eleventh Amendment; (3) Plaintiff's due process claim against

Officer Menchaca be dismissed with prejudice for failure to state a claim and/or as

frivolous; and (4) the dismissal of this case count as a "strike" for purposes of 28 U.S.C.

§ 1915(g).  (D.E. 11).

Thereafter, in addition to filing objections to the M&R (D.E. 13), Plaintiff moved

for leave to file an amended complaint and has attached a proposed amended complaint.

(D.E. 15).  Plaintiff further sought reconsideration of the M&R so that his proposed

amended complaint could be evaluated.  (D.E. 14).  In his proposed amended complaint,

Plaintiff sought to add additional parties and claims and clarified the relief sought in this

lawsuit.  (D.E. 15-1, pp. 3-7).

On April 30, 2018, the undersigned issued an order withdrawing the M&R,

granting Plaintiff's motion to amend, directing the Clerk of Court to docket Plaintiff's

amended complaint, and granting Plaintiff's motion for reconsideration insofar as

Plaintiff's amended complaint will be screened to determine whether any claims should

be retained.

Plaintiff's Amended Complaint is the operative pleading in this case.[1]  Therein,

Plaintiff sues the following defendants in their individual and official capacities: (1)

Property Officer Menchaca; (2) McConnell Unit Assistant Warden C. Furr; (3) Assistant

---

[1] The Fifth Circuit has held that an amended complaint supersedes the original and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *Canal Ins. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010).  Because Plaintiff's amended complaint does not do so, it is the operative pleading in this case.

Regional Director P. Chapa; and (4) Grievance Officer M. Blalock.[2]   (D.E. 17, p. 3).

Plaintiff restates his due process claim as well as asserting a First Amendment claim of

denial of access to the courts.   Plaintiff seeks declaratory relief, injunctive relief against

Defendants in their official capacities, and monetary relief against Defendants in their

individual capacities.  (D.E. 17, p. 4).

Plaintiff alleges the following facts in his amended complaint.  On July 24, 2015,

Officer Menchaca took possession of Plaintiff's personal property, consisting of legal

materials, an electric razor, family pictures, and other papers.   Plaintiff subsequently

submitted numerous I-60 requests in which he sought return of his personal property.

(D.E. 17, pp. 4, 6).   Plaintiff, however, obtained no relief with respect to his requests.

When Officer Menchaca told Plaintiff that his property was "gone," Plaintiff believed

that his property was either stolen or given away.  (D.E. 17, p. 6).

On September 4, 2015, Plaintiff filed a Step 1 grievance (Grievance No.

2016003757), seeking return of the personal property taken by Officer Menchaca.[3]  (D.E.

14-1, pp. 12-13).   In that grievance, Plaintiff indicated that Officer Menchaca had

informed him the personal property was "gone."   (D.E. 1, p. 26).   Assistant Warden

Corey Furr rejected Plaintiff's Step 1 grievance based on the property officer's report that

"the property was confiscated and disposed of in accordance with" policy identified as

AD-3.17.  (D.E. 15-1, p. 13).

---

[2] Plaintiff does not list the TDCJ as a defendant in his amended complaint.  As it appears Plaintiff has abandoned his claim against the TDCJ, the undersigned recommends that the TDCJ be dismissed without prejudice.

[3] In his amended complaint, Plaintiff references various exhibits which were attached to his objections and motion for reconsideration.  (D.E. 14-1).  The undersigned construes these exhibits as part of his amended complaint.

On September 30, 2015, Plaintiff filed his Step 2 grievance, contending that AD-3.17 "does not authorize any person or officer to dispose of an offender's property, confiscate without documentation, nor deny the offender dispo[]sition." (D.E. 14-1, p. 14).  Grievance Officer Blalock denied Plaintiff's Step 2 grievance, finding that Plaintiff was "appropriately advised at Step 1" and that "[n]o conclusive evidence of staff misconduct or policy violations could be substantiated." (D.E. 14-1, p. 15).

On October 2, 2015, Plaintiff contacted a second property officer named Mrs. Bustos, seeking an answer regarding the personal property taken from him. (D.E. 17, p. 6).  Mrs. Bustos informed Plaintiff on October 8, 2015, that Officer Menchaca had destroyed Plaintiff's personal property. (D.E. 17, p. 6).

Plaintiff states that he subsequently began seeking administrative remedies on the issue of reimbursement for his lost and destroyed personal property. (D.E. 17, p. 6).  On November 23, 2015, Plaintiff filed a Step 1 grievance (Grievance No. 2016049749), seeking not only reimbursement but also the return or replacement of his personal property. (D.E. 14-1, pp. 5-6)).  Assistant Warden Furr denied Plaintiff's Step 1 grievance, noting that Plaintiff was unsuccessful with his claims in Grievance No. 2016003757 and that he had already exhausted his administrative remedy. (D.E. 14-1, p. 6).

On September 30, 2015, Plaintiff filed his Step 2 grievance, seeking compensation and reimbursement for his property lost or destroyed. (D.E. 14-1, p. 9).  Assistant Regional Director Chapa denied Plaintiff's grievance, finding that his complaint was appropriately addressed at the Step 1 level. (D.E. 14-1, p. 10).

On April 7, 2016, Plaintiff filed a state court lawsuit with respect to his lost or destroyed personal property claims asserted in Grievance No. 2016049749.  (D.E. 7, p. 7).  Plaintiff alleges that the state court "was duped into believing that # 201604974[]9 grievance was duplicative of grievance #2016003757."  (D.E. 17, p. 7).  Plaintiff urges that his first set of grievances sought the return of personal property while the second set of grievances sought compensation for destroyed property.  (D.E. 17, p. 7).

## III.   LEGAL STANDARD.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski_v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a

6 / 15

legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

## IV.   DISCUSSION.

### A.   Due Process Claim (Deprivation of Personal Property)

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1.   The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).   A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35.   The burden is on the inmate to show that the post-deprivation remedy is inadequate. *Myers*, 97 F.3d at 94.

Texas law provides Plaintiff with available post-deprivation remedies. Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.– San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).   In addition, state

law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. *See* Tex. Gov't Code § 501.007.

### (1)   Officer Menchaca

Plaintiff claims that Officer Menchaca improperly confiscated and destroyed certain personal property. On April 7, 2016, Plaintiff filed a state court lawsuit with respect to his lost or destroyed personal property. (D.E. 17, p. 7). He provides information in his amended complaint identifying the state court case numbers for his lawsuit. (D.E. 17, p. 2). The Texas Court of Appeals' website reveals that Plaintiff filed his state court lawsuit in the 343rd District Court of Bee County, Texas (Case No. B-16-1235-CV-C). *See* http://www.search.txcourts.gov/CaseSearch.aspx?coa=coa13&s=c. Among his claims for relief, Plaintiff asserted a state law conversion claim. *See Marshall v. Texas Department of Criminal Justice*, No. 13-16-00608-CV, 2017 WL 5184434, *1 (Tex. Civ. App.–Corpus Christi Nov. 9, 2017).

The Bee County district court concluded that Plaintiff's lawsuit had no basis in law and dismissed it for failure to comply with Tex. Civ. Prac. & Rem. Code § 14.005(b).[4] *Id.* at 1. On appeal, the Thirteenth Court of Appeals affirmed the trial court, concluding that Plaintiff had failed to file his lawsuit in a timely fashion pursuant to § 14.005(b). *Id.* at *2. The Texas appellate court determined that Plaintiff failed to follow his state suit within 31 days after receiving notice of the final disposition of his first set of

---

[4] Section 14.005(b) provides that "[a] court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the inmate receives the written decision from the grievance system." Tex. Civ. Prac. & Rem. Code § 14.005(b).

grievances (Grievance No. 2016003757) on January 7, 2016.[5]  *Id.* The Texas appellate court further determined that Plaintiff's second set of grievances (Grievance No. 2016049749) involved the same issues as the first set of grievances.  *Id.*  Thus, even though the final disposition of the second set of grievances apparently occurred on March 14, 2014,[6] the Thirteenth Court of Appeals ruled that the 31-day limitations period began to run on January 7, 2016, the date the first set of grievances was denied,.  *Id.*

Plaintiff asserts in his amended complaint that his state court post-deprivation remedy was rendered inadequate when Assistant Warden Furr denied Plaintiff's Step 1 grievance in Grievance No. 2016049749, finding that Plaintiff had already exhausted his administrative remedies in Grievance No. 2016003757 with respect to his personal property claims.  According to Plaintiff, this decision effectively "duped" the state court "into believing that # 201604974[]9 grievance was duplicative of grievance #2016003757." (D.E. 17, p. 7).

Because his state court conversion action was dismissed as untimely, however, Plaintiff cannot establish that the state court conversion remedy was inadequate.  *See Agim v. Lumpkin*, 35 F. App'x 389 (5th Cir. 2002) ("A state court post-deprivation remedy is not inadequate simply because the state court determines that a prisoner has forfeited his rights to seek recovery under state procedural laws."); *Robinson v. Winslow*, 88 F. App'x 93, 96 (7th Cir. 2003) (concluding that the prior dismissal of the plaintiff's

---

[5] The date "Jan 07, 2016" is printed on the top of Plaintiff's Step 2 grievance in Grievance No. 2016003757.  (D.E. 14-1, p. 14).  The Texas appellate court apparently construed this date as the one in which Plaintiff received notice of the final disposition of Grievance No. 2016003757. *See Marshall*, 2017 WL 5184434 at *2.

[6] The date "Mar 14, 2016" is printed on the top of Plaintiff's Step 2 grievance in Grievance No. 2016049749.  (D.E. 14-1, p. 9).

state court action as untimely "does not establish that the [remedy] is inadequate to protect his right to due process"); *Foster v. Graves*, No. 09-0657, 2010 WL 3724314, at *6 (M.D. La. Aug. 10, 2010) ("Merely because a claimant is unsuccessful in prosecuting a claim in state court does not render the remedy itself inadequate"). The Texas appellate court's decision has not been reversed, and this Court has no authority to overturn that decision. Plaintiff otherwise had an adequate opportunity to seek state court remedies in a timely fashion after his first set of grievances was denied, and he makes no allegations to indicate that any prison officials actually prevented him from doing so.

Plaintiff, therefore, alleges nothing to suggest that a proper and timely filed state court conversion action was inadequate to protect his rights or that he properly took advantage of this available tort remedy. Plaintiff otherwise does not indicate that he has filed suit in state court pursuant to § 501.007. Because Texas law provided Plaintiff with adequate post-deprivation remedies, the deprivation and ultimate destruction of Plaintiff's personal property does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536 (noting that, even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy). Because Plaintiff's claim for personal property loss fails to state a cognizable constitutional claim, it is respectfully recommended that Plaintiff's due process claim against Officer Menchaca be dismissed with prejudice.

### (2)   Defendants Furr, Blalock, and Chapa

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). "Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677).

In addition, for a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Because Plaintiff has failed to state an underlying due process violation with respect to the taking or destruction of his personal property, he cannot state a claim for

supervisory liability against Defendants Furr, Blalock, and Chapa.  *See Lerma v. Stevens*, No. 5:15-CV-070, 2015 WL 12978190, at *3 (N.D. Tex. Sep. 29, 2015) (citing *Breaux v. City of Garland*, 205 F.3d 150, 151 (5th Cir. 2000).  Even if could successfully state a due process claim, Plaintiff alleges no facts to indicate that these defendants personally participated in depriving Plaintiff of his personal property or should otherwise be held liable in a supervisory capacity.

Plaintiff primarily challenges the actions taken by Defendants Furr, Blalock, and Chapa in considering and rejecting Plaintiff's various grievances, which prevented Plaintiff from being compensated for his lost or destroyed personal property.   In connection with the grievance process, Plaintiff alleges that: (1) Assistant Warden Furr failed to train other defendants on various options concerning Plaintiff's personal property when he brought forward his grievances; and (2) Regional Director Chapa likewise failed to train the other defendants to reach a proper decision on Plaintiff's grievances and proceeded to support the decisions made at the Step 1 level.  (D.E. 17, p. 4).  The conduct identified by Plaintiff, however, is not actionable under § 1983.  *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that, because inmates have no constitutionally protected liberty interest in having grievances resolved to their satisfaction, there is no due process violation when prison officials fail to do so); *Bonneville v. Basse*, No. 2:12-CV-0200, 2012 WL 4854721, at *3 (N.D. Tex. Sep. 21, 2012) (concluding that a prison official's denial of prisoner's Step 1 grievances fails to state a due process claim because there is no "federally-protected right to have his grievances investigated and resolved").

12 / 15

Accordingly, it is respectfully recommended that Plaintiff's due process claims against Defendants Furr, Blalock, and Chapa be dismissed with prejudice.

### B.  Denial of Access to Courts (Deprivation of Personal Property)

Prisoners have a constitutionally protected right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). "This right of access for prisoners is not unlimited, however; rather it encompasses only 'a reasonable adequate opportunity to file non frivolous legal claims challenging their convictions or conditions of confinement.'"  *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (quoting *Lewis*, 518 U.S. at 356).

Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts.  *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).  Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  *Lewis*, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).  Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him."  *Id.* at 819.  In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial.  *See Lewis*, 518 U.S. at 356.  He must show "that his position as a litigant

was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Plaintiff claims that the actions undertaken by Defendants in handling his personal property complaints and grievances properly denied him access to the courts in that the state court ultimately dismissed his conversion action as untimely.  (D.E. 17, p. 4). Plaintiff, however, cannot state a First Amendment claim for denial of access to courts because he has alleged nothing to suggest he was actually prevented from presenting his underlying claims challenging the destruction of his personal property to the state court in a timely manner. *See Stephens v. Aderoju*, No. 9:14-CV-170, 2015 WL 6688217, at \*3 (E.D. Tex. Oct. 28, 2015) (citing *Mahogany v. Miller*, 252 F. App'x 593, 594 (5th Cir. 2007)).  Because Plaintiff's allegations fail to suggest he was prejudiced as a result of Defendants' actions, the undersigned respectfully recommends dismissing Plaintiff's First Amendment claims against Defendants.

## V.    CONCLUSION.

For the reasons stated above, it is respectfully recommended that: (1) Plaintiff's due process and First Amendment claims against Defendants be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); (2) the TDCJ be dismissed without prejudice; (3) the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g); and (4) the Clerk of Court

forward a copy of this Memorandum and Recommendation to the Manager of the Three

Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 3rd day of May, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to

each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of

the Memorandum and Recommendation, a party may file with the Clerk and serve on the

United States Magistrate Judge and all parties, written objections, pursuant to Fed. R.

Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District

Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within

FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs.

*Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).