UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROMARCUS DEON MARSHALL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-44 |
| | § | |
| RAFAEL MENCHACA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff Romarcus Deon Marshall is a Texas inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action, Plaintiff claims that certain personal property was taken from him in violation of his due process rights and that he was denied access to the courts. Pending before the Court is Plaintiff's Motion for Leave to File An Amended Complaint. (D.E. 23).

### I. BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division. Plaintiff's allegations in this case arise in connection with his current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff filed his original complaint on February 12, 2018, naming McConnell Unit Property Officer Rafael Menchaca and the TDCJ as defendants. (D.E. 1, pp. 3, 7). The undersigned construed Plaintiff's original complaint as suing Officer Menchaca in his individual and official capacity. Plaintiff claimed that certain personal property was

improperly taken from him and destroyed, in violation of his due process rights. Plaintiff sought injunctive and monetary relief.

On March 30, 2018, the undersigned issued a Memorandum and Recommendation (March 30, 2018 M&R), recommending that (1) Plaintiff's due process claim against the TDCJ be dismissed with prejudice for failure to state a claim; (2) Plaintiff's due process claim for money damages against Officer Menchaca in his official capacity be dismissed with prejudice as barred by the Eleventh Amendment; (3) Plaintiff's due process claim against Officer Menchaca be dismissed with prejudice for failure to state a claim and/or as frivolous; and (4) the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g). (D.E. 11).

Thereafter, in addition to filing objections to the March 30, 2018 M&R (D.E. 13), Plaintiff moved for leave to file an amended complaint and has attached a proposed amended complaint. (D.E. 15). Plaintiff further sought reconsideration of the March 30, 2018 M&R so that his proposed amended complaint could be evaluated. (D.E. 14). In his proposed amended complaint, Plaintiff sought to add additional parties and claims and clarified the relief sought in this lawsuit. (D.E. 15-1, pp. 3-7).

On April 30, 2018, the undersigned issued an order withdrawing the March 30, 2018 M&R, granting Plaintiff's motion to amend, directing the Clerk of Court to docket Plaintiff's amended complaint, and granting Plaintiff's motion for reconsideration insofar as Plaintiff's amended complaint will be screened to determine whether any claims should be retained. (D.E. 16). In his amended complaint, Plaintiff sued the following defendants in their individual and official capacities: (1) Property Officer Menchaca; (2)

McConnell Unit Assistant Warden C. Furr; (3) Assistant Regional Director P. Chapa; and (4) Grievance Officer M. Blalock. (D.E. 17, p. 3).

Plaintiff restated in his amended complaint his due process claim as well as asserted a First Amendment claim of denial of access to the courts. Specifically, Plaintiff claimed that: (1) Officer Menchaca improperly confiscated and destroyed certain personal property, consisting of legal materials, an electric razor, family pictures, and other papers; (2) Defendants Furr, Blalock, and Chapa improperly rejected Plaintiff's various grievances on this matter which prevented Plaintiff from receiving appropriate compensation for his confiscated and/or destroyed personal property; and (3) the actions undertaken by Defendants in handling his personal property complaints and grievances denied him access to the courts in that the state court ultimately dismissed his conversion action as untimely. Plaintiff sought declaratory relief, injunctive relief against Defendants in their official capacities, and monetary relief against Defendants in their individual capacities. (D.E. 17, p. 4).

On May 3, 2018, the undersigned issued a Memorandum and Recommendation (May 3, 2018 M&R), recommending that: (1) Plaintiff's due process and First Amendment claims against Defendants be dismissed with prejudice for failure to state a claim and/or as frivolous; (2) the TDCJ be dismissed without prejudice because Plaintiff did not list this defendant in his amended complaint; (3) the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g). (D.E. 18). Plaintiff has filed objections to the May 3, 2018 M&R (D.E. 21), and his objections are presently pending before District Judge Hilda G. Tagle.

## II. PLAINTIFF'S MOTION TO AMEND

On June 11, 2018, Plaintiff filed his Motion for Leave to File an Amended Complaint, which would be his second amended complaint. (D.E. 23). Plaintiff attached his proposed second amended complaint to his motion. (D.E. 23-1). Therein, Plaintiff clarifies that Defendant Blalock is the Assistant Regional Director of Region IV. (D.E. 23-1, p. 3). Plaintiff further restates his constitutional claims against Defendants and attempts to clarify the relief sought by him in this action. (D.E. 23, p. 1; D.E. 23-1, p. 4).

## III. DISCUSSION

The Fifth Circuit Court of Appeals has held that a plaintiff generally should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) ("[A] *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."). Plaintiff has filed his motion seeking leave to amend after the undersigned issued the May 3, 2018 M&R and before Judge Tagle has reviewed both the May 3, 2018 M&R and Plaintiff's objections. Because this action remains pending, the undersigned will consider whether his amendments should be allowed pursuant to Federal Rule of Civil Procedure 15(a).[1]

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). A federal court

---

[1] In contrast, "[w]hen a district court dismisses an action and enters a final judgment, … a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under [Federal Rules of Civil Procedure] 59 or 60." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

has discretion to deny a motion to amend when that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). "An amendment is futile if it would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

In his motion seeking leave to amend, Plaintiff does not seek to add any new claims or defendants. Rather, he seeks to clarify the title of Defendant Blalock, restate his claims for relief, and clarify the relief sought. The undersigned already has recommended in the May 3, 2018 M&R that Plaintiff's claims against Defendants should be dismissed with prejudice for failure to state a claim for relief and/or as frivolous. Plaintiff raises nothing in his proposed amendments that would cause the undersigned to revisit the findings and conclusions in the May 3, 2018 M&R. Accordingly, Plaintiff's motion to amend should be denied because his proposed amendments would be futile for failure to state a claim for relief.

### IV. CONCLUSION

Because Plaintiff's proposed amendments would be futile for failure to state a claim for relief, Plaintiff's Motion for Leave to File an Amended Complaint (D.E. 23) is **DENIED**.

ORDERED this 25th day of June, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE