United States District Court
Southern District of Texas
**ENTERED**
December 04, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROMARCUS DEON MARSHALL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-44 |
| | § | |
| RAFAEL MENCHACA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTIONS TO AMEND AND TO ALTER AND AMEND THE JUDGMENT**

Plaintiff Romarcus Deon Marshall is a Texas inmate appearing *pro se* and *in forma pauperis*.  In this prisoner civil rights action, Plaintiff claims that certain personal property was taken from him in violation of his due process rights and that he was denied access to the courts.  Pending before the Court is Plaintiff's Motion for Leave to Amend the Complaint (D.E. 32) and Motion to Alter or Amend the Judgment.  (D.E. 33).

## I.    BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division.  Plaintiff's allegations in this case arose in connection with his current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff filed his original complaint on February 12, 2018, naming McConnell Unit Property Officer Rafael Menchaca and the TDCJ as defendants.  (D.E. 1, pp. 3, 7). The undersigned construed Plaintiff's original complaint as suing Officer Menchaca in his individual and official capacity.  Plaintiff claimed that certain personal property was

improperly taken from him on July 24, 2015 and subsequently destroyed, in violation of his due process rights.  Plaintiff sought injunctive and monetary relief.

On March 30, 2018, the undersigned issued a Memorandum and Recommendation (March 30, 2018 M&R), recommending that (1) Plaintiff's due process claim against the TDCJ be dismissed with prejudice for failure to state a claim; (2) Plaintiff's due process claim for money damages against Officer Menchaca in his official capacity be dismissed with prejudice as barred by the Eleventh Amendment; (3) Plaintiff's due process claim against Officer Menchaca be dismissed with prejudice for failure to state a claim and/or as frivolous; and (4) the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).  (D.E. 11).

Thereafter, in addition to filing objections to the March 30, 2018 M&R (D.E. 13), Plaintiff moved for leave to file an amended complaint and attached a proposed amended complaint.  (D.E. 15).  Plaintiff further sought reconsideration of the March 30, 2018 M&R so that his proposed amended complaint could be evaluated.  (D.E. 14).  In his proposed amended complaint, Plaintiff sought to add additional parties and claims and clarified the relief sought in this lawsuit.  (D.E. 15-1, pp. 3-7).

On April 30, 2018, the undersigned issued an order withdrawing the March 30, 2018 M&R, granting Plaintiff's motion to amend, directing the Clerk of Court to docket Plaintiff's amended complaint, and granting Plaintiff's motion for reconsideration insofar as Plaintiff's amended complaint will be screened to determine whether any claims should be retained.  (D.E. 16).  In his amended complaint, Plaintiff sued the following defendants in their individual and official capacities: (1) Property Officer Menchaca; (2)

McConnell Unit Assistant Warden C. Furr; (3) Assistant Regional Director P. Chapa; and (4) Grievance Officer M. Blalock.  (D.E. 17, p. 3).

Plaintiff restated in his amended complaint his due process claim as well as asserted a First Amendment claim of denial of access to the courts.  Specifically, Plaintiff claimed that: (1) Officer Menchaca improperly confiscated and destroyed certain personal property, consisting of legal materials, an electric razor, family pictures, and other papers; (2) Defendants Furr, Blalock, and Chapa improperly rejected Plaintiff's various grievances on this matter which prevented Plaintiff from receiving appropriate compensation for his confiscated and/or destroyed personal property; and (3) the actions undertaken by Defendants in handling his personal property complaints and grievances denied him access to the courts in that the state court ultimately dismissed his conversion action as untimely.  Plaintiff sought declaratory relief, injunctive relief against Defendants in their official capacities, and monetary relief against Defendants in their individual capacities.  (D.E. 17, p. 4).

On May 3, 2018, the undersigned issued a Memorandum and Recommendation (May 3, 2018 M&R), recommending that: (1) Plaintiff's due process and First Amendment claims against Defendants be dismissed with prejudice for failure to state a claim and/or as frivolous; (2) the TDCJ be dismissed without prejudice because Plaintiff did not list this defendant in his amended complaint; (3) the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).  (D.E. 18).  On May 29, 2018, Plaintiff filed objections to the May 3, 2018 M&R.  (D.E. 21).

On June 11, 2018, Plaintiff filed a motion seeking leave to amend his complaint again. (D.E. 24). On June 25, 2018, the undersigned denied Plaintiff's motion. Plaintiff subsequently moved to hold this case in abeyance so that he could pursue certain claims challenging his state conviction through a state habeas petition. (D.E. 25). Plaintiff contended that an additional denial-of-access-to-courts claim would potentially accrue should his habeas claims be dismissed due to the destruction of his legal materials and his inability to present such claims before the state habeas court. (D.E. 25, pp. 1-2). On August 6, 2018, the undersigned denied Plaintiff's motion to hold this case in abeyance. (D.E. 26).

On October 25, 2018, Senior District Judge Hilda G. Tagle overruled Plaintiff's objections and adopted the May 3, 2018 M&R. (D.E. 28). That same day, Judge Tagle entered final judgment against Plaintiff and closed this case. (D.E. 29).

## II.    DISCUSSION

On November 16, 2018, following the dismissal of this action, Plaintiff moves for court leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). (D.E. 32). Plaintiff seeks to add claims of denial of access to the courts. He specifically alleges that Defendants participated in destroying his legal property which: (1) was vital to success in connection with previous and pending state habeas actions; and (2) deprived Plaintiff of satisfying an administrative remedy which ultimately interfered with a state law requirement for filing a lawsuit. (D.E. 32, p. 6).

Plaintiff also has filed a motion to alter or amend the final judgment pursuant to Federal Rule of Civil Procedure 59(e). (D.E. 33). Plaintiff contends that the destroyed

legal materials were instrumental in connection with acquiring authorization from the Fifth Circuit Court of Appeals to file a second federal habeas petition.  (D.E. 33, pp. 1-2). Plaintiff further reiterates that Defendants' actions denied him an available administrative remedy, which, in turn, deprived him of access to the courts.  (D.E. 33, p. 2).

Requests for leave to amend a complaint are ordinarily governed by Rule 15(a). *See Lewis c. Brazoria County Sheriff's Office*, No. H-10-5014, 2012 WL 12994979, at *1 (S.D. Tex. Jan. 6, 2012).  Rule 59(e), in turn, serves the narrow purpose of allowing a party to bring errors of newly-discovered evidence to the Court's attention after a final judgment has been entered.  *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012).  A Rule 59(e) motion to alter or amend a final judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

In this case, Plaintiff seeks to amend his complaint after the Court has entered final judgment.  However, "[o]nce a final judgment has been entered, a plaintiff may seek to amend only by appealing or by seeking to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 or 60."  *See United States v. Martinez*, 696 F. App'x 153, 154 (5th Cir. 2017) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).  Thus, it is improper to grant Plaintiff's Rule 15(a) motion for leave to amend his complaint.  *Garcia Estrada v. Dretke*, No. C-04-687, 2008 WL 189965, at *1 (S.D. Tex. Jan. 22, 2008) (citing *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir. 1996)).

Because the Court has dismissed Plaintiff's action on the pleadings, his companion Rule 59(e) motion is nevertheless governed by the same considerations controlling a Rule 15(a) motion to amend. *Lewis*, 2012 WL 12994979, at *1 (citing *Rosenzweig*, 332 F.3d at 864). These considerations include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig*, 332 F.3d at 864 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff raises nothing in his motions that would cause the undersigned to allow Plaintiff's proposed amendments or otherwise alter the final judgment. As detailed above, the Court dismissed Plaintiff's claim he was denied access to courts in connection with the state court's dismissal of his conversion action as untimely. He presents no additional allegations to suggest that he could not have presented to the state court in a timely manner his claims challenging the destruction of his personal property.

Plaintiff's additional denial-of-access-to-court claim is likewise without merit. He fails to provide any specific allegations that Defendants' actions prevented him from filing a non-frivolous legal claim in any of his state or federal habeas petitions. His conclusory allegations indicating that the legal materials were vital to his success in his habeas petitions fail to allege an actual injury supporting a denial-of-access-to-court claim. Because Plaintiff's proposed amendments would be futile for failure to state a claim for relief, he cannot establish entitlement to relief from the Court's final judgment under Rule 59(e).

6 / 7

## III.   CONCLUSION

For the foregoing reason, it is respectfully recommended that Plaintiff's Rule 15(a) and Rule 59(e) motions (D.E. 32, 33) be DENIED.

Respectfully submitted this 4th day of December, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).